UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER CRISPINO,<br><br>    Plaintiff,<br>v.<br><br>PERFORMANCE FORD OF EAST HANOVER, LLC; FORD MOTOR CO.<br><br>    Defendants. | Case No. 2: 24-cv-10847<br><br>**OPINION ON MOTION TO REMAND** |

**WILLIAM J. MARTINI, U.S.D.J.:**

I. **BACKGROUND**

This matter comes before the Court pursuant to Defendant Performance Ford of East Hanover's ("Performance") notice of removal from the Superior Court of the State of New Jersey, Morris County. ECF No. 1. The case concerns the purchase and sale of an allegedly defective vehicle. Plaintiff allegedly paid Performance $32,035.00 for a used 2018 Ford Explorer and shortly thereafter noticed several defects. Compl. Count 1 ¶ 5, ECF No. 1 at 8. Plaintiff sued Performance in state court alleging breach of the implied warranty of merchantability, violation of New Jersey's Consumer Fraud Act (N.J.S.A. 56:8-68), breach of express warranty, and violation of the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.*

Defendant filed a motion to dismiss on December 2, 2024. ECF Nos. 1, 2. On January 2, 2025, Plaintiff filed its motion to remand the case to state court. ECF No. 7. Defendant then filed a motion for an order to show cause why an arbitration action purportedly brought by Plaintiff during the pendency of this litigation should not be stayed. ECF No. 9. The Court established a briefing schedule for all three motions. ECF No. 12. All deadlines contemplated by that Order have now elapsed.

Because remand is warranted, the Court does not reach the remaining motions. The Court expresses no opinion on the merits of the unresolved motions not properly before it, and leaves those matters for resolution in an appropriate forum.

II. **DISCUSSION**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441. When a defendant removes an action to federal court, it must include "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446.

Performance timely filed its Notice of Removal on December 2, 2024. According to the Notice of Removal, Performance's grounds for removal were that this Court has federal question jurisdiction over the suit pursuant to 28 U.S.C. § 1331. ECF No. 1 ¶ 10. Specifically, Performance states that "[t]his action arises under federal law because Plaintiff's Complaint includes a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*" *Id.* Performance claims that "[a]s Plaintiff seeks treble damages and attorney's fees in addition to the right of recission, the amount in controversy threshold is satisfied in this case through the relief sought." *Id.* ¶ 11. Plaintiff brought no other federal cause of action; Performance relies on supplemental jurisdiction as the basis for the Court's jurisdiction over the remainder of Plaintiff's claims. *Id.* ¶ 12.

Claims under the Magnuson-Moss Warranty Act are cognizable in federal court if the amount in controversy is greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Though the plain language of the statute is ambiguous, the "all claims to be determined in this suit" language in the Act is best interpreted "by construing the phrase in § 2310(d)(3)—'all claims to be determined in this suit'—to mean 'all *MMWA* claims.'" *Donahue v. Bill Page Toyota, Inc.*, 164 F. Supp. 2d 778, 782 (E.D. Va. 2001); *see also Borders v. Ford Motor Co.*, 652 F.Supp.3d 596 (E.D. Va. 2023); *Landeis v. Future Ford*, 2006 WL 1652659 at *6 (E.D. Cal. June 14, 2006).

Performance relies on "treble damages and attorney's fees in addition to the right of recission" to satisfy the amount in controversy threshold under the Act. *See* Notice of Removal ¶ 11, ECF No. 1. But "[t]reble damages may not be assessed in a Magnuson-Moss count. Nor may attorneys fees be considered in calculating the jurisdictional amount." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 402 (3d Cir. 2004). It is apparent from the face of Plaintiff's complaint that the value of his Magnuson-Moss count is no more than $32,035.00. Performance cannot invoke this Court's jurisdiction based on Magnuson-Moss.

Nor can Performance, at this stage, argue that jurisdiction is proper under 28 U.S.C. § 1332. Performance presses this argument in its opposition to Plaintiff's motion to remand. *See* Opp. at 9-12. But its Notice of Removal relies only on federal question and supplemental jurisdiction. "[A]n opposition to remand filed more than thirty days after removal in which a defendant raises, for the first time, an argument for a wholly new jurisdictional basis for removal is not an amended notice of removal filed in conformance with § 1446. Therefore, a defendant may not add an entirely new basis for this Court's removal jurisdiction by raising it only in an opposition brief filed more than thirty days after removal." *PMC, Inc. v. Tomco Construction, Inc.*, 2021 WL 5413988 at *4 (D.N.J. Nov. 18, 2021) (citing *Akins v. Radiator Specialty Co.*, 2006 WL 2850444 at *2 (W.D. Pa. Sep. 29, 2006); *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205-06 n.11 (3d Cir. 2003)). Performance therefore cannot rely on 28 U.S.C. § 1332 to support the Court's jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case to the Superior Court of the State of New Jersey is **GRANTED**. The case is **REMANDED**. An appropriate order follows.

DATE: February 19, 2024

WILLIAM J. MARTINI, U.S.D.J.